IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LINDSEY LEE THOMAS, #50002  PLAINTIFF

VERSUS  CIVIL ACTION NO. 5:10-cv-105-DCB-MTP

C.C.A.  DEFENDANT

MEMORANDUM OPINION AND ORDER

On June 11, 2010, the Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. An order [5] was entered on July 2, 2010, directing the Plaintiff to file a written response on or before July 23, 2010. On July 20, 2010, the Plaintiff filed a motion [7] for an extension of time to file a response to the order [5]. This Court then entered an order [8] on July 29, 2010, granting the Plaintiff's motion [7] and directing him to comply with the Court's order [5] on or before August 19, 2010. Plaintiff was warned in the Court's orders [5 & 8] of July 2, 2010, and July 29, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint. Having reviewed the record, this Court finds that the Plaintiff failed to comply with the orders [5 & 8].

When the Plaintiff failed to comply with the orders [5 & 8], this Court entered an order [9] on September 10, 2010, directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders [5 & 8] of July 2, 2010, and July 29, 2010. In addition, the Plaintiff was directed to comply with this Court's order [5] of July 2, 2010, on or before October 1, 2010. The Plaintiff was warned in this Court's order [9] of September 10, 2010, that failure to advise this Court of a change of address or failure to timely comply with any order of this Court may lead to the dismissal of his complaint. On October 13,

2010, the Plaintiff filed a pleading which was docketed as an affidavit of poverty and affidavit of statement [10] which in no way complied with the Court's orders [5, 8 & 9] of July 2, 2010, July 29, 2010, and September 10, 2010.  Therefore, the Plaintiff once again failed to comply with the Court's orders [5, 8 & 9].

Out of an abundance of caution, a final order to show cause [11] was entered on October 21, 2010, directing the plaintiff to file a response on or before November 11, 2010.  This final order to show cause [11] stated that this was the Plaintiff's final opportunity to comply with the Court's orders [5, 8 & 9] of July 2, 2010, July 29, 2010, and September 10, 2010, and his failure to comply would result in the dismissal of the instant civil action without further written notice.  A review of the docket entries reveal that the Plaintiff has not complied with the final order to show cause [11].

According to the court record, the Plaintiff has failed to comply with four court orders.[1]  Therefore, it is apparent from the Plaintiff's failure to comply with the orders of this Court or to otherwise communicate with this Court since October 13, 2010, when he filed an affidavit of poverty and statement [10], demonstrates a lack of interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash R.R., 370 U.S. 626, 629 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630.  Such a "sanction is necessary in

---

[1] The docket entries reflect that these four orders [5, 8, 9, & 11] were mailed to the Plaintiff at his last known address and have not been returned by the postal service.

order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  Id. at 629-30.

The Court concludes that dismissal of this action for the Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper.  Since the Defendant has never been called upon to respond to the Plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of the Plaintiff's claims, the Court's order of dismissal will be without prejudice.  See Munday/Elkins Auto. Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's civil action shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the  26th   day of January, 2011.

              s/David Bramlette
              UNITED STATES DISTRICT JUDGE